Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Facsimile:  619-241-8309
Email: Jmprato@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MORGAN<br><br>Plaintiff,<br><br>vs.<br><br>GARO SECURITY INCORPORATED,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991** |

COMES NOW Plaintiff MICHAEL MORGAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of Orange, State of California, in the Southern Judicial Division area.

2.     Defendant, GARO SECURITY INCORPORATED ("Defendant"). are, and at all times herein mentioned were a California corporation doing business in the County of Contra Costa State of California.

- 1 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court decided that federal courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

5. On or about November 11, 2019, Plaintiff received an unsolicited telephone facsimile machine ("fax") to his fax number ending in 8477 from Defendants wherein they attempted to pitch security consultancy services, which contained information to call "Charlie" with a phone number 323-352-4111.

6. Upon investigation, Plaintiff determined that 323-352-4111 belonged to the Defendant.

7. Thereafter, Plaintiff received similar unsolicited faxes from Defendants on each of the following dates: December 5, 2019, December 7, 2019, August 11, 2020, January 6, 2021, February 24, 2021, April 5, 2021, May 3, 2021, May 11, 2021, May 25, 2021, June 7, 2021, June 21, 2021, July 12, 2021, and September 13, 2021 for a total of 14 unsolicited faxes.

8. Attached to this complaint as Exhibit 1 is a true and correct copy of the advertisement faxes outlined in paragraphs 6 and 7 that were received by Plaintiff.

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

9. Plaintiff does not advertise or provide his fax number ending in 8477 to the general public and only provides this number to specific entities or persons who specifically ask for this fax number.

10. Defendant, nor any agent of the Defendant, never asked for Plaintiff's fax number ending in 8477 and Plaintiff never provided his fax number to the Defendant.

11. Plaintiff pleads on information and belief that the Defendant either sent all of the faxes to Plaintiff directly from equipment under their control by their employees or contractors, or order the faxes to be sent by a currently unknown agent whom they knew was in fact sending the faxes.

12. Plaintiff pleads on information and belief that the Defendant knew that any agent that sent any faxes did not have permission from Plaintiff so send such faxes.

13. Plaintiff pleads on information and belief that Defendant permitted any agent that sent any faxes to use art work and templates provide by Defendant, allow any agent to place Defendant's phone number on the faxes, and otherwise was a full participate in sending the alleged faxes.

14. Plaintiff pleads on information and belief that Defendant gave actual authority to any agent to send faxes to the Plaintiff or other persons to whom the agent did not have express permission to send faxes.

## FIRST CAUSE OF ACTION

[Fourteen Violations of Telephone Consumer Protection Act of 1991]

15. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

16. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

17. Subdivision (b) (1) (C) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

18. Defendants have been sending unsolicited facsimile advertisements ("fax blasting") to Plaintiff's telephone facsimile machine without Plaintiff's express permission within the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These illegal faxes are only those known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that Defendant has made many more illegal faxes to Plaintiff's telephone facsimile machine.

19. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (C).  Plaintiff may recover $500.00 for each violation.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Fourteen Violations of 47 C.F.R. §68.318 (d)]

20. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

21. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

22. Subdivision (d) of Section 68.318 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted

page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual."

23. Defendants have been sending unsolicited facsimile advertisements ("fax blasting") to Plaintiff's telephone facsimile machine, without Plaintiff's express permission within the statutory period of the last 4 years, pursuant to 28 U.S.C. §1658. Defendant did not clearly identify the business entity or individual sending the message or the sending telephone number in the illegal faxes. These illegal faxes are only those known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that Defendant has made many more illegal faxes to Plaintiff's telephone facsimile machine similarly lacking in required identification markers.

24. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of "the regulations prescribed under [47 U.S.C. §227 (b)]", including 47 C.F.R. §68.318 (d). Plaintiff may recover $500.00 for each violation. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For an award of $500.00 for each violation of 47 C.F.R. §68.318;

    4.    For an award of $1,500.00 for each such violation found to have been willful;

On ALL CAUSES OF ACTION

    5.    For costs of suit herein incurred;

    6.    For attorneys fees pursuant to Code of Civil Procedure § 1021.5 and

    7.    For such further relief as the Court deems proper.

DATED: 09/29/2021                      **PRATO & REICHMAN, APC**

                                            __/s/ Justin Prato Esq._____
                                            By: Justin Prato Esq.
                                            **Prato & Reichman, APC**
                                            Attorneys for Plaintiff

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991